# EXHIBIT A

JAN/05/2016/FRI 01:46 PM    Attorneys at Law           FAX No. 2014458855            P. 011
Case 2:17-cv-13579-KM-JBC   Document 4-2   Filed 02/15/18   Page 2 of 19 PageID: 23
Case 2:17-cv-13579-KM-JBC   Document 1   Filed 12/23/17   Page 1 of 13 PageID: 1

**GILBERTO M. GARCIA, LLC**
25 East Spring Valley Avenue
Maywood, New Jersey 07607
201-3287042
krickogarcia@aol.com
gilberto13@me.com
Attorney Id 040311987

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| IZTOK VODOPIVEC<br>    Mr. Vodopivec,<br><br>v.<br><br>ANTHONY'S LLC, ZVI GUITMANN,<br>MARC GUITMAN, ROBERT GELLER<br>    Defendants. | Civil Action No<br><br>COMPLAINT AND JURY<br>DEMAND<br><br>Document Filed<br>Electronically |

1

JAN/05/2018/FRI 01:40 PM  Attorneys at Law          FAX No. 2014455655           P. 012
Case 2:17-cv-13579-KM-JBC   Document 4-2   Filed 02/15/18   Page 3 of 19 PageID: 24
Case 2:17-cv-13579-KM-JBC   Document 1   Filed 12/23/17   Page 2 of 13 PageID: 2

**PRELIMINARY STATEMENT**

This is an action by the Plaintiff, Iztok Vodopivec, an employee of defendant Anthony's LLC, a New Jersey Limited Liability Company, and its members individually, for violation of defendants' civil rights as an employee pursuant to Section 1981 of the Civil Rights Act and the New Jersey Law Against Discrimination and the Whistleblower Law, where Mr. Vodopivec experienced a hostile and abusive work environment full of insults and constant belittlement due to his national origin and retaliatory dismissal for calling out the defendant owners of Anthony LLC for their predatory business conduct.

Mr. Vodopivec has been the recipient of constant hostile, abusive and discriminatory treatment and unlawful employment practices that violate his right to enjoy the contrtactual employment relation he had with Anthony LLC and the prohibited practices described in N.J.S.A. 10:5-12. This is also an action by Mr. Vodopivec, for the defendants' violations of his rights under the New Jersey Conscientious Employee Act, N.J.S.A. 34:19-1.

Mr. Vodopivec discovered a pattern of criminal activity, which is intentional and collective on the part of all individual defendants as members of Anthony's LLC, which conduct rises to losses of hundreds of thousands of dollars to its customers and potential failure to report the funds received in the transactions to the appropriate taxing authorities. After discussing the issues with the individual defendants and advising them that their acts cannot be condoned, Mr. Vodopivec was threatened by the individual defendants with the loss of his employment and that he would be reported to Homeland Security.

JAN/05/2018/FRI 01:46 PM    Attorneys at Law    FAX No. 2014455855    P. 013
Case 2:17-cv-13579-KM-JBC   Document 4-2   Filed 02/15/18   Page 4 of 19 PageID: 25
Case 2:17-cv-13579-KM-JBC   Document 1   Filed 12/23/17   Page 3 of 13 PageID: 3

## JURISDICTION

1. This action is brought pursuant to *42 U.S.C. §1981.*

2. This Court has subject matter jurisdiction over counts one under *28 U.S.C. §1331.*

## PARTIES

3. Mr. Vodopivec is a resident of the State of New Jersey who resides in Fort Lee, Bergen County.

4. Defendant Anthony's is a New Jersey LLC and the employer of Mr. Vodopivec.

5. Defendant Zvi Guitman is a member of Anthony's and a resident of New Jersey.

6. Defendant Robert Geller is a member of Anthony's LLC and a resident of New Jersey.

7. Defendant Marc Guitman is a member of Anthony's LLC and a resident of New Jersey.

## VENUE

8. Defendant Anthony's LLC employed Mr. Vovopivec at its place of business in Englewood Cliffs, New Jersey, which is within this Court's district. Mr. Vodopivec's Complaint alleges the Defendant Anthony's owners, specially Zvi Guitmann, forced him to act Jewish and even changed his name and constantly berated and humiliated him for his Slovanian origin; retaliated against him when he advised them of their suspect business activities; and finally terminated him. The discriminatory practices of Defendant Anthony and the illegal conduct of the members all occurred in this District.

## GENERAL ALLEGATIONS OF FACT

9. The defendants have engaged in a fraudulent scheme designed to defraud their customers, dating back to at least 2015.

10. Defendants contracted Mr. Vodopivec to perform clerical services at their business.

11. Defendant Anthony LLC is in the business of collectible stamps and coins.

12. The individual defendants use Anthony LLC as a vehicle to engage in conduct whereby they forge and alter the nature of stamps to make significantly unique and sell them for thousands of dollars more than they are worth to un-expecting customers, even though some of them are sophisticated and wealthy collectors.

13. For example, in August of 2017, Mr. Vodopivec saw defendant Robert Geller trimming the perforation of a stamp, and then, sanded the stamp with a nail file that he regularly keeps in the office. Finally, defendant Rober Geller put glue on the side to make it to look as if it was vintage. The price of this worthless stamp increases substantially and unknowing collectors purchase them in the hundreds of thousands.

14. Sometime in September of 2017, Mr. Vodopivec observed defendant Robert Geller engaged in a very sophisticated process where the stamps are depleted of their color by applying gum, which with a brush and a touch of water Robert Geller took the glue off one stamp and transferred with a brush it to another old stamp. Since Mr. Vodopivec became concern and began looking into these operations, he realized that this is done on a regular basis by defendants Zvi Guitman and Robert Geller and the

JAN/05/2018/FRI 01:47 PM   Attorneys at Law        FAX No. 2014455855      P. 015
Case 2:17-cv-13579-KM-JBC   Document 4-2   Filed 02/15/18   Page 6 of 19 PageID: 27
Case 2:17-cv-13579-KM-JBC   Document 1   Filed 12/23/17   Page 5 of 13 PageID: 5

way that they process it, it is very difficult for even a sophisticated collector to see these changes. In the mean time those collectors pay top dollar for the fakes.

15. When Mr. Vodopivec discussed the stamp forgeries with defendants Zvi Guitman and Robert Geller, sometime in August of 2017 and again in November of 2017, he was told to keep his mouth shut, that this was something done in the business, and that if he wanted to continue to get his rent paid this was the way business was being done and accept it.

16. In September of 2017, a web discussion of collectors was created to discuss the defendant Anthony LLC. There were many accusations against the Company. This further concerned Mr. Vodopivec and he advised both defendant Zvi Guitman and defendant Robert Geller that there were serious statements against the business in the internet and their conduct would eventually get them in trouble.

17. Mr. Vodopivec advised defendant Zvi Guitman that his son, defendant Marc Guitman was presenting items on EBay that were being advertised sold as unique and only one item in existence and were duplicated and sold to multiple customers in interstate commerce.

18. When Mr. Vodopivec confirmed, sometime in November 2017, that the defendants defraud customers for millions of dollars, he went to dedfendant Robert Geller and advised that the forgery of stamps practices needed to end and that they could be subject to criminal prosecution for their illegal conduct.

19. The individual defendants, through the message delivered by defendant Geller, advised Mr. Vodopivec that he could not do anything about it and that he should

JAN/05/2018/FRI 01:47 PM    Attorneys at Law          FAX No. 2014455855            P. 016
Case 2:17-cv-13579-KM-JBC   Document 4-2   Filed 02/15/18   Page 7 of 19 PageID: 28
Case 2:17-cv-13579-KM-JBC   Document 1   Filed 12/23/17   Page 6 of 13 PageID: 6

keep it all secret if he wanted to save his job. Defendant Geller advised Mr. Vodopivec that Anthony's paid for his immigration bond and they could also take it away.

20. When defendant Anthony contracted Mr. Vodopivec to be employed, and during the time Mr. Vodopivec has been employed by Anthony's LLC he has been subjected to employment discrimination resulting from the constant belittlement from Zvi Guitman who was constantly reminding him that he needs to act Jewish because being from Slovenia is not acceptable in the coin and stamps collectible business.

21. Mr. Vodopivec was hired in September of 2009.

22. Immediately after being hired, Howard Guitman forced him to go by the name of Isaac because he had to act Jewish.

23. Mr. Vodopivec was forced to change his name of Iztok to Isaac to the customers.

24. Mr. Vodopivec worked under the illegal and discriminatory circumstances described herein, commencing in or about September of 2009.

25. For example, Howard (Zvi) Guitman did not raise Mr. Vodopivec's salary because he advised him that he could only give him raises in cash due to the fact that the business could not go to a higher tax bracket. This was a lame excuse to continue to violate immigration and labor laws. Anthony LLC never requested that Mr. Vodopivec provide his I-9 application even though Mr. Vodopivec is entitled to employment authorization.

26. Mr. Vodopivec was recently reminded that he was not Jewish and thus, he needed to comport himself like a Jewish person or else he could be discharged. Defendant Zvi

6

Guitman demanded that Mr. Vodopivec needed to be Jewish because is "the business of the beast for us to be discriminated for so long we now rip everyone off."

27. In November 2017, Robert Geller, approached Mr. Vodopivec and demanded that the Mr. Vodopivec remain quiet and not discuss the business issues with anyone and to swear to secrecy.

28. Zvi Guitman also advised Mr. Vodopivec that it was significant to act Jewish because customers respect Jews as knowledgeable collectors of stamps and that his Slovenian character was low life. Robert Geller and March Guitman would laugh at the circumstances and would say that Mr. Vodopivec needed to be more Jewish and that the only reason why he was employed by Anthony's was because he was married to Zvi Guitman's daughter in law.

29. Mr. Vodopivec was forced by Zvi Guitman to go from his legal name of Iztok to Isaac (the Jewish translation) and whenever he dealt with the customers he went by the name of Isaac. He feared that using his name of Iztok, the Defendants would belittle him and fire him.

30. Mr. Vodopivec feared losing his job because he needed to provide medical insurance for his disabled wife and his two young girls.

31. Defendants knew that the above discriminatory practices were occurring in the store where Mr. Vodopivec worked and to further the fraudulent scheme described herein, chose to intimidate and discriminate the Mr. Vodopivec so he could, through fear, be loyal to them and not disclose the true nature of the business.

32. Defendants had employees working and never required I-9 forms from them. However, although Mr. Vodopivec is a permanent resident and entitled to work in the US by law, when Mr. Vodopivec told Defendants in November 2017, he would not be intimidated by their threats and discriminatory statements, they asked him to produce the I-9 employment form even though he has been at the business for 8 years. He was also advised to stay at home until further notice. Mr. Vodopivec advised that he would fill in his I-9 and requested to go back to work.

33. Defendants never asked Mr. Vodopivec for any information regarding compliance with laws and requirements regarding employment of authorized aliens. They did in the month of November 2017.

34. Although Mr. Vodopivec was authorized to be employed in the United States pursuant to prohibition of Immigration Laws passed by the Congress of the United States, others in the employment were not and the Defendants never asked any of the employees for I-9 employment verification forms.

35. Mr. Vodopivec advised Zvi Guitman that his son Marc was presenting items on EBay that were being advertised sold as unique and only one item in existence and were duplicated and sold to multiple customers in interstate commerce.

36. Mr. Vodopivec also advised defendant Zvi Guitman that Mr. Vodopivec had learned from complaints of customers that the individual Defendants had engaged in a scheme whereby they advertised they have a million dollars in cash and seek unsophisticated customers who have come across lots of coins they do not know the true value of. Then they go to their houses with cash and purchase the lots for a lot

less than they are worth. Once they return, they send one of the employees of Defendant Anthony to the bank in order to clean out the lot and cash it. Once cashed by the bank's transaction, the deposit is not made in the business account, but instead is divided among the individual defendants. Defendant Zvi Guitman simply told him that he was not to disclose this practice to anyone.

37. In late October, Mr. Vodopivec also advised Zvi Guitman that he would not go by the name of Isaac anymore.

38. When all these events occurred, sometime between August and early November of 2017, the defendants, through the message delivered by defendant Geller, advised Mr. Vodopivec that he could not do anything about it and that he should keep it all secret if he wanted to save his job.

39. During an argument in late October, defendant Zvi Guitman began berating Mr. Vodopivec when he told him he wanted to go by his name of Iztok. Zvi Guitman told him that would be unacceptable and at the same time Mr. Vodopivec had to go and fix Mr. Gutimann's marriage, and had to stop telling stuff to his wife who was in a panic. Mr. Vodopivec responded that he would not use the name of Isaac anymore.

40. Then, Mr. Vodopivec remained out of work and was in the process of preparing his I-9 when he was finally advised that since he had not prepared his I-9 he was being terminated.

41. The removal of Mr. Vodopivec with the excuse he would return and the request for the I-9 was only an excuse and a pretext to terminate the Mr. Vodopivec because he

JAN/05/2018/FRI 01:48 PM    Attorneys at Law              FAX No. 2014455855              P. 020

Case 2:17-cv-13579-KM-JBC   Document 4-2   Filed 02/15/18   Page 11 of 19 PageID: 32
Case 2:17-cv-13579-KM-JBC   Document 1   Filed 12/23/17   Page 10 of 13 PageID: 10

had become a whistleblower and advised the Defendants to stop engaging in their conduct.

## COUNT ONE

### (VIOLATION OF CIVIL RIGHTS – 42 U.S.C. §1981)

42. Mr. Vodopivec, Iztok Vodopivec, realleges the foregoing as if fully set out herein.

43. By virtue of the facts herein alleged, Mr. Vodipivec is an individual born in Slovania.

44. Further, Mr. Vodopivec is a qualified individual under 42 U.S.C. §1981 since the issue of national origin and race was prevalent in the constant discriminatory conduct of the Defendants.

45. Mr. Vodopivec claims that he was made to change his name to the customers and others professionals to Isaac, in order to look Jewish and was on a regular basis reminded that Slovics are of lesser intelligence and not hard workers by the by defendants because of his race and national origin.

46. There were other non-Jewish employees who were mistreated and terminated in the past.

47. Defendant Anthony's LLC, through their defendant member, Zvi Guitmann, intentionally discriminated against Mr. Vodopivec. Race, bring white and not Jewish was a motivating factor in Anthony LLC's decision by Zvi Gutiman to constantly claim to Mr. Vodopivec he had to act Jewish and to have to endure the constant berating of Mr. Guitmann on the basis of race and national origin.

48. When defendant Anthony provided Mr Vodopivec with his termination, race was one of several motivating factors as race was a motivating factor for the intent to discriminate during the years of employment abuse.

49. Mr. Vodopivec deserved to enjoy his contractual relationship with defendant Anthony LLC without the hostile work environment and discriminatory treatment he endured from the defendant employer and defendant Zvi Guitmann.

50. By virtue of the facts herein alleged, defendant, Anthony's LLC, discriminated against Mr. Vodopivec by creating a hostile work environment because of all the verbal abuse and discriminatory conduct he had to endure as a result of his ethnic background and his nationality versus the arrogant and militant view of the owners at Anthony's as Jewish versus Mr. Vodopivec's Slovic origin, and by treating him differently defendants removed him from employment without explanations and then claimed that it was a termination based on his failure to show to work and submit his I-9, in violation of 42 U.S.C §1981 and 8 U.S.C. §1324B.

51. Mr. Vodopivec is not obligated to file a timely charge of discrimination with the EEOC.

52. All of Defendant's act and omissions as alleged herein have been willful.

## COUNT TWO

## NEW JERSEY LAW AGAINST DISCRIMINATION

53. The defendants are guilty of discrimination under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-4.1, in that as employers, committed an unlawful act of discrimination because of the classifications of national origin and nationality by discriminating the Mr. Vodopivecs in pay terms, conditions and privileges due to his classification as Slovenian national and not Jewish.

11

JAN/05/2018/FRI 01:49 PM    Attorneys at Law            FAX No. 2014455855           P. 022
Case 2:17-cv-13579-KM-JBC   Document 4-2   Filed 02/15/18   Page 13 of 19 PageID: 34
Case 2:17-cv-13579-KM-JBC   Document 1   Filed 12/23/17   Page 12 of 13 PageID: 12

54. Such acts constitute violations of the New Jersey Law Against Discrimination. As a result, the Mr. Vodopivec has suffered damages.

## COUNT THREE

### NEW JERSEY CONSCIENTIOUS EMPLOYEE PROTECTION ACT

55. The defendants are also guilty of violating the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1, in that as employers, committed an unlawful act by making fraudulent transactions that cause major damages to their customers and after he objected because he did not want to be part of the fraudulent scheme.

56. Defendants threatened dismissal and advised they would not provide employment to the Mr. Vodopivec unless he agreed to submit to their fraudulent and criminal practices.

57. Such acts constitute violations of the New Jersey Conscientious Employee Protection Act, specifically N.J.S.A. 34:19-3(c)(1)(2). As a result, the Mr. Vodopivec has suffered damages.

58. Mr. Vodopivec has been left out of the employment of Defendants since November 2017, after Defendants advised Mr. Vodopivec that he should not go back to the office and if he ever filed any type of action regarding the fraud they would make sure he was deported.

**WHEREFORE**, Iztok Vodopivec prays:

a) for an award of appropriate compensatory damages in excess of that required for diversity jurisdiction;

b) for an award of punitive damages in an amount to deter further conduct of this kind by Anthony's in an amount greater than $300,000.00;

JAN/05/2018/FRI 01:49 PM    Attorneys at Law              FAX No. 2014455855                P. 023

Case 2:17-cv-13579-KM-JBC   Document 4-2   Filed 02/15/18   Page 14 of 19 PageID: 35
Case 2:17-cv-13579-KM-JBC   Document 1   Filed 12/23/17   Page 13 of 13 PageID: 13

c) for compensatory damages, but not limited to, damages for pain and suffering, anxiety, humiliation, physical injury, and emotional distress to compensate him for the injuries he has suffered and to signal to other employers that discrimination in employment is repulsive to legislative enactments;

d) for front pay, for back pay, for fringe benefits, for reinstatement to the same position from which it discriminatorily terminated him;

e) for a trial by jury of all issues so triable, for his attorney's fees and costs herein expended as provided for by applicable federal statutes;

f) and for any and all other just and proper relief.

**JURY TRIAL DEMAND**

Jury trial is demanded.

Dated: December 23, 2017                /s/ Gilberto Garcia

GILBERTO GARCIA
ATTORNEY FOR MR. VODOPIVEC
25 EAST SPRING VALLEY AVENUE
MAYWOOD, NEW JERSEY 07607
TEL: 201-3287042
Gilberto13@me.com
ID:040311987
GG9733

**EXHIBIT B**

RUBIN EMPLOYMENT LAW
695 U.S. Highway 46 West, Suite 404
Fairfield, New Jersey 07004
(973) 787-8442
arubin@alixrubinlaw.com
*Attorneys for Defendants Anthony's, LLC,*
*Howard "Zvi" Guitmann, Marc Guitmann*
*and Robert Geller*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| IZTOK VODOPIVEC, | Civil Action No.: 2:17-cv-13579 (KM) (JBC) |
| Plaintiff, | |
| v. | **CLERK'S ORDER EXTENDING TIME** <br> **PURSUANT TO LOCAL RULE 6.1(b)** |
| ANTHONY'S LLC, ZVI GUITMANN, MARC GUITMANN, and ROBERT GELLER, <br> Defendants. | |
| | DOCUMENT ELECTRONICALLY FILED |

This matter having been opened to the Court by Rubin Employment Law, attorneys for Defendants Anthony's, LLC, Howard "Zvi" Guitmann, Marc Guitmann, and Robert Geller (collectively, the "Defendants"), pursuant to Local Civil Rule 6.1(b), for an extension of time within which to answer, move or otherwise reply with respect to the complaint filed by plaintiff herein, and it is represented that:

      1.     No previous extension has been obtained;

      2.     Service of the summonses and complaint in the above-referenced matter was effected on January 11, 2018; and

3. Defendants' time to answer, move or otherwise reply is scheduled to expire on February 1, 2018.

Dated: January 16, 2018

                                                RUBIN EMPLOYMENT LAW
                                                By:    s/ Alix R. Rubin
                                                        Alix R. Rubin
                                                        *Attorneys for Defendants*
                                                         *Anthony's, LLC, Howard "Zvi"*
                                                         *Guitmann, Marc Guitmann, and*
                                                         *Robert Geller*

**ORDER**

The above application is ORDERED GRANTED and the time within which Defendants are required to answer, move or otherwise reply is hereby extended fourteen (14) days to February 15, 2018.

ORDER DATED:

                                                WILLIAM T. WALSH, CLERK

                                                _____

                                                        Clerk of the Court

**EXHIBIT C**

| | |
|---|---|
| **From:** | njdefiling@njd.uscourts.gov |
| **Subject:** | Activity in Case 2:17-cv-13579-KM-JBC VODOPIVEC v. ANTHONY'S LLC et al |
| **Date:** | January 18, 2018 at 12:01 PM |
| **To:** | njdefiling@njd.uscourts.gov |



**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
***NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

U.S. District Court

District of New Jersey [LIVE]

**Notice of Electronic Filing**

The following transaction was entered on 1/18/2018 at 12:01 PM EST and filed on 1/18/2018

| | |
|---|---|
| **Case Name:** | VODOPIVEC v. ANTHONY'S LLC et al |
| **Case Number:** | [2:17-cv-13579-KM-JBC](#) |
| **Filer:** | ZVI GUITMAN |
| | ROBERT GELLER |
| | MARC GUITMAN |
| | ANTHONY'S LLC |
| **Document Number:** | No document attached |

**Docket Text:**
**Clerk`s Text Order - The document [3] Application for Clerk's Order to Ext Answer/Proposed Order, submitted by ZVI GUITMAN, ROBERT GELLER, MARC GUITMAN, ANTHONY'S LLC has been GRANTED. The answer due date has been set for 2/15/2018. (JB, )**

**2:17-cv-13579-KM-JBC Notice has been electronically mailed to:**

ALIX R. RUBIN     arubin@alixrubinlaw.com

GILBERTO M GARCIA     krickogarcia@aol.com, gilberto13@me.com

**2:17-cv-13579-KM-JBC Notice has been sent by regular U.S. Mail:**