# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

```
-----------------------------------------------------X
                                                     :   Civil Action No.: 2:17-cv-13579 (KM) (JBC)
IZTOK VODOPIVEC,                                     :
                                                     :   Return Date: April 2, 2018
                Plaintiff,                           :
                                                     :   DOCUMENT ELECTRONICALLY FILED
        v.                                           :
                                                     :
ANTHONY'S LLC, ZVI GUITMANN,                         :
MARC GUITMANN, and ROBERT                            :
GELLER,                                              :
                Defendants.                          :
                                                     :
-----------------------------------------------------X
```

## DEFENDANTS' MEMORANDUM OF LAW
## IN SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT

> RUBIN EMPLOYMENT LAW
> 695 U.S. Highway 46 West, Suite 404
> Fairfield, New Jersey 07004
> (973) 787-8442
> arubin@alixrubinlaw.com
> *Attorneys for Defendants Anthony's LLC,*
> *Howard "Zvi" Guitmann, Marc Guitmann*
> *and Robert Geller*

Of Counsel:
    Alix R. Rubin, Esq.

On the Brief:
    Alix R. Rubin, Esq.
    Janice A. Schindler, Esq.

...

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................ ii

PRELIMINARY STATEMENT ......................................................................... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY ............................ 2

LEGAL ARGUMENT ....................................................................................... 3

    POINT I

    STANDARD OF REVIEW UNDER F.R.C.P. 12(b)(6) ............................... 3

    POINT II

    PLAINTIFF HAS FAILED TO STATE A CLAIM
    UNDER SECTION 1981 ............................................................................ 7

    POINT III

    PLAINTIFF CANNOT MAINTAIN ANY CLAIM
    UNDER TITLE VII AS HE HAS FAILED TO EXHAUST
    HIS ADMINISTRATIVE REMEDIES ....................................................... 11

    POINT IV

    PLAINTIFF'S PENDENT STATE LAW CLAIMS MUST BE
    DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION ....... 12

    CONCLUSION ........................................................................................ 14

## **TABLE OF AUTHORITIES**

**Cases**                                                                                           **Page**

*Albert v. Caravano,* 851 F.2d 561 (2d Cir. 1988) .................................................... 7

*Anoova v. Hilton Hotels Corp.*, 733 F.2d 48 (7th Cir. 1984) .............................. 7, 8

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ..........................................................*passim*

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) ....................................*passim*

*Borough of West Mifflin v. Lancaster*, 45 F.3d 780 (3d Cir. 1995) ...................... 13

*Bright v. Westmoreland County*, 443 F.3d 276 (3d Cir. 2006) ..........................12-13

*Budinsky v. Corning Glass Works*, 425 F.Supp. 786 (W.D. Pa. 1977) .......... 8, 9, 10

*Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465
    (3d Cir. 2001) ..................................................................................................... 11

*Conley v. Gibson*, 355 U.S. 41 (1957) ..................................................................... 3

*Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) ............................ 5, 6, 10

*Francis v. Mineta*, 505 F.3d 266 (3d Cir. 2007) .................................................... 11

*Int'l Union of Operating Engineers, Local 68, ALF-CIO v. RAC Atl. City
    Holdings, LLC*, 2013 WL 353211 (D.N.J. Jan. 29, 2013) ............... 5, 6, 8, 10

*Malleus v. George*, 641 F.3d 560 (3d Cir. 2011) ..................................................... 5

*Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008) ................................ 5

*Robinson v. Dalton*, 107 F.3d 1018 (3d Cir. 1997) ............................................... 11

*Runyon v. McCrary*, 427 U.S. 160 (1976) .............................................................. 7

*Saint Francis College v. Al-Khazraji*, 481 U.S. 604 (1987) .......................... 7, 8, 10

*Silverstein v. Percudani*, 422 F.Supp.2d 468 (M.D. Pa. 2006) ............................... 13

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966) ............................................ 12

*Yusuf v. Vassar College*, 827 F.Supp. 952 (S.D.N.Y. 1993) ................................... 8

**Statutes**

28 U.S.C. § 1367(c)(3) ............................................................................................ 12

42 U.S.C. § 1981 ............................................................................................. *passim*

42 U.S.C. § 1981(a) .................................................................................................. 7

Title VII of the Civil Rights Act of 1964,
    42 U.S.C. §§ 2000e *et seq.* ......................................................... 1, 9, 10, 11

42 U.S.C. § 2000e-2(a) ....................................................................................... 9, 10

42 U.S.C. § 2000e-5(e)(1) ....................................................................................... 11

42 U.S.C. § 2000e-5(f)(1) ........................................................................................ 11

New Jersey Conscientious Employee Protection Act,
    N.J.S.A. §§ 34:19-1 *et seq.* ................................................................ 2, 3, 13

New Jersey Law Against Discrimination,
    N.J.S.A. §§ 10:5-12 *et seq.* ........................................................... 2, 3, 10, 13

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................ 1, 2, 13, 14

Fed. R. Civ. P. 12(b)(6) ................................................................................. *passim*

L. Civ. R. 6.1(b) ........................................................................................................ 3

Defendants Anthony's LLC, Howard "Zvi" Guitmann, Marc Guitmann and Robert Geller (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion seeking to dismiss Count One of the Complaint of plaintiff Iztok Vodopivec ("Plaintiff") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), and Counts Two and Three of the Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## PRELIMINARY STATEMENT

Plaintiff has attempted to circumvent the administrative scheme of Title VII of the Civil Rights Act of 1964 ("Title VII") by disguising his claims of national origin and religious discrimination as racial discrimination claims and bringing them here under 42 U.S.C. §1981 ("Section 1981"). The Court should not permit such subterfuge.  Where Congress has afforded Plaintiff a robust means of redress for his claims of national origin and religious discrimination via Title VII and the Equal Employment Opportunity Commission (the "EEOC"), Plaintiff should not be permitted to bypass Title VII's comprehensive administrative and judicial scheme by filing his claims in federal court without exhausting his administrative remedies.

Plaintiff repeatedly alleges that he was discriminated against due to his "race," yet the facts about his so-called "race" merely refer to his being born in

Slovenia and being white, not Jewish. Such conclusory legal proclamations of racial discrimination are forbidden under the *Iqbal* and *Twombly* pleading standard and cannot stand.

Once this Court dismisses the Section 1981 claim for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), Plaintiff's state law claims under the New Jersey Law Against Discrimination ("NJLAD") and the Conscientious Employee Protection Act ("CEPA") no longer belong in federal court. Therefore, this Court should dismiss these claims for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Although Defendants deny most of the factual allegations in Plaintiff's Complaint, because the Court must accept all of Plaintiff's allegations as true in the context of this motion, Defendants refer to Plaintiff's Complaint solely for purposes of this motion.

Plaintiff Iztok Vodopivec filed a complaint on December 23, 2017 against his former employer, Anthony's LLC, as well as Howard "Zvi" Guitmann, Marc Guitmann and Robert Geller for employment discrimination (the "Complaint"). Declaration of Alix R. Rubin, Esq. ("Rubin Decl."), Ex. A. Defendants were served with the summonses and Complaint on January 11, 2018. Rubin Decl., Ex. B. Defendants filed an application for a clerk's order extending time pursuant to

Local Civil Rule 6.1(b) on January 16, 2018. *Id.* The clerk granted Defendants' application and set the answer due date for February 15, 2018. Rubin Decl., Ex. C.

In the Complaint, Plaintiff alleges that Defendants discriminated against him on the basis of his Slavic national origin and non-Jewish religion by "berating" him, "forcing" him to "act Jewish," and ultimately terminating his employment, in violation of 42 U.S.C. § 1981 (Count One) and NJLAD (Count Two). Rubin Decl., Ex. A. Plaintiff also alleges that Defendants violated CEPA by engaging in certain fraudulent business practices and then terminating his employment when he objected (Count Three). *Id.*

## LEGAL ARGUMENT

### POINT I

### STANDARD OF REVIEW UNDER F.R.C.P. 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) governs a motion to dismiss for failure to state a claim on which relief can be granted. Prior to the decisions issued by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Rule 12(b)(6) standard meant that a defendant must demonstrate "beyond a reasonable doubt that the plaintiff [could] prove no set of facts in support of his claim that would entitle him to relief." *See Conley v. Gibson*, 355 U.S. 41, 45 (1957). *Twombly* and *Iqbal* significantly modified that standard.

In *Twombly*, the Supreme Court held that the "famous" no-set-of-facts formulation had "earned its retirement," and the new standard is that a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

The *Iqbal* court expounded on the new standard set forth in *Twombly*, explaining that a claim will be considered to have "facial plausibility" where facts have been pled that allow a court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." This plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully," the court said. *Iqbal*, 556 U.S. at 663, 678 (citing *Twombly*, 550 U.S. at 556). Underlying the *Twombly* standard are two working principles:

> First, the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements . . . [and] [s]econd, determining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense.

*Id.* at 663-64 (citing *Twombly*, 550 U.S. at 555-56). Thus, a court may begin its analysis under Rule 12(b)(6) by "identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." *Id.* at 664.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at

555).  Indeed, a complaint that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 555 U.S. at 555, 557) (internal citations omitted).

Thus, in light of the standard set forth in *Iqbal* and *Twombly*, "it is no longer sufficient to allege mere elements of a cause of action; instead, 'a complaint must allege facts suggestive of [the proscribed] conduct.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 563 n.8).  In short, there must be some showing sufficient to "justify moving the case beyond the pleadings to the next stage of litigation." *Phillips*, 515 F.3d at 234-35.

The District Court of New Jersey has identified a three-part analysis that should be conducted when considering a Rule 12(b)(6) motion. *Int'l Union of Operating Engineers, Local 68, AFL-CIO v. RAC Atl. City Holdings, LLC*, 2013 WL 353211, at *8 (D.N.J. Jan. 29, 2013) (citing *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011)).  First, the court must determine the elements that must be pled to state a cause of action. *Id.*  Then, the court must accept as true all of the complaint's well-pled factual allegations and view the complaint in the light most favorable to the plaintiff. *RAC Atl. City Holdings*, 2013 WL 353211, at *8 (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009)).  The court

-5-

<u>must</u> disregard any conclusory allegations asserted by the plaintiff, such as legal conclusions or factually unsupported accusations. *Id.*; *see also Iqbal*, 556 U.S. at 678.

After the court has identified the well-pled facts and determined which conclusory allegations to ignore, the court must then determine whether "the facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *RAC Atl. City Holdings*, 2013 WL 353211, at *8 (quoting *Fowler*, 578 F.3d at 211). This "context-specific" task, while not a "probability requirement," demands "more than a sheer possibility that a defendant has acted unlawfully." *Id*. "In the end, facts which only suggest the 'mere possibility of misconduct' fail to show that the plaintiff is entitled to relief." *Id*.

## POINT II

## PLAINTIFF HAS FAILED
## TO STATE A CLAIM UNDER SECTION 1981

In Count One, Plaintiff alleges a violation of Section 1981, which states in pertinent part:

> All persons within the jurisdiction of the United States have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

Although Section 1981 does not use the word "race," the Supreme Court has interpreted this statute to forbid all racial discrimination in the making of private and public contracts. *Saint Francis College v. Al-Khazraji*, 481 U.S. 604, 609 (1987) (citing *Runyon v. McCrary*, 427 U.S. 160, 168, 174-75 (1976)). The purpose of Section 1981 is to prevent "discrimination between races." *Anoova v. Hilton Hotels Corp.*, 733 F.2d 48, 50 (7th Cir. 1984) (per curiam).

However, to be actionable under Section 1981, a defendant's conduct must have been "purposefully discriminatory and racially motivated." *Albert v. Caravano,* 851 F.2d 561, 571 (2d Cir. 1988) (internal citations omitted). In addition, plaintiff must <u>specifically</u> plead in the complaint the acts of intentional

-7-

discrimination, as well as the racial animus motivating the discrimination. *Yusuf v. Vassar College*, 827 F.Supp. 952, 955 (S.D.N.Y.), *aff'd in part, rev'd in part on other grounds*, 35 F.3d 709 (1994).

In the case at bar, Plaintiff has failed to specifically allege the racial animus motivating the discrimination he says he was subjected to. He merely alleges discrimination due to his "Slovanian [sic] [national] origin"; "being from Slovenia"; and the fact that he was born in Slovenia. Rubin Decl., Ex. A, ¶¶ 8, 20, 43. Then, in a conclusory manner, he states that "race was one of several motivating factors" in his alleged employment discrimination. *Id*. at ¶ 48. The Court must disregard such an allegation. *RAC Atl. City Holdings*, *LLC*, 2013 WL 353211, at *8.

Moreover, Section 1981 applies only to racial discrimination, not to discrimination based "solely on the place or nation of [the plaintiff's] origin, or his religion." *Saint Francis College v. Al-Khazraji*, 481 U.S. at 613. Thus, a Section 1981 claim cannot be based on allegations of birthplace or national origin alone. *Id.* at 614 (Brennan, J., concurring). *See also Anoova,* 733 F.2d at 50 (Plaintiff "of Iraqi background" cannot maintain his Section 1981 claim "[i]n the absence of an allegation of racial animus . . . ."); *Budinsky v. Corning Glass Works*, 425 F. Supp. 786, 787 (W.D. Pa. 1977).

In *Budinsky*, plaintiff alleged employment discrimination under Section 1981 based solely on his Slavic national origin. The court held:

> Discrimination grounded on national origin . . . is not now cognizable under Section 1981, and plaintiff has advanced no compelling reason why, in light of Title VII, this Court should expand the ambit of the statute to cover alleged employment discrimination based entirely on non-racial factors.

*Id.* The court noted that if plaintiff were entitled to a remedy, that remedy exists under Title VII. *Id*. at 787 & n.1, 789; 42 U.S.C. § 2000e-2(a).

The *Budinsky* court distinguished cases in which courts have extended Title VII's coverage to include whites where reverse racial discrimination was alleged, as well as Hispanics and Indians who, "like blacks, have been traditional victims of group discrimination . . . and are frequently . . . subject to a 'racial' identification as 'non-whites.'" *Budinsky*, 425 F. Supp. at 788. While the court acknowledged that there is "both a practical need and a logical reason" to extend Section 1981's protection to these groups, it declined to do so with respect to

> persons of <u>Slavic</u> or Italian or <u>Jewish</u> origin. These groups are not so commonly identified as "races" nor so frequently subject to that "racial" discrimination which is the specific and exclusive target of § 1981.

*Id.* (emphasis added).

The court thus ruled that plaintiff failed to state a claim on which relief may be granted and dismissed his Section 1981 claim. *Id*. at 789.

-9-

In the present case, like in *Budinsky*, Plaintiff alleges discrimination based on his Slovenian national origin. *See* Rubin Decl., Ex. A, ¶¶ 8, 20, 43. Although Plaintiff uses the word "race" in Count One of his Complaint, *see* Rubin Decl., Ex. A, ¶¶ 44-45, 47-48, he is not alleging discrimination based on his race, which he states as "white and not Jewish." Rubin Decl., Ex. A, ¶ 47. Thus, Plaintiff's remedy, if at all, lies under Title VII and/or NJLAD, and his Section 1981 claim must be dismissed.

Plaintiff further alleges discrimination in that he was "forced" to "act Jewish." Rubin Decl., Ex. A, ¶¶ 8, 20, 22, 26, 28, 45, 47. Allegations of religious discrimination are not cognizable under Section 1981. Such claims also must be brought under Title VII and/or NJLAD, the latter which Plaintiff has already done. 42 U.S.C. § 2000e-2(a); Rubin Decl., Ex. A, ¶¶ 53-54.

Plaintiff's allegations of national origin and religious discrimination are not actionable under Section 1981. His inclusion of the word "race" in Count One is not sufficient to convert this case to one alleging racial discrimination. The Court <u>must</u> disregard such conclusory allegations under the more stringent *Twombly*-*Iqbal* pleading standard. *RAC Atl. City Holdings, LLC,* 2013 WL 353211, at *8 (*citing Fowler*, 578 F.3d at 210-11*)*; *see also Iqbal*, 556 U.S. at 678.

Therefore, Plaintiff has failed to state a claim under Section 1981, and Count One must be dismissed.

## POINT III

## PLAINTIFF CANNOT MAINTAIN ANY CLAIM UNDER TITLE VII AS HE FAILED TO EXHAUST HIS ADMINISTRATIVE REMEDIES

"It is a basic tenet of administrative law that a plaintiff must exhaust all required administrative remedies before bringing a claim for judicial relief." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997). Thus, before a plaintiff can bring a Title VII action, he must exhaust his administrative remedies by filing a charge with either the EEOC or the New Jersey Division on Civil Rights and receiving a " right-to-sue" letter. 42 U.S.C. § 2000e-5(e)(1), (f)(1); *Burgh v. Borough Council of the Borough of Montrose*, 251 F.3d 465, 470 (3d Cir. 2001). Failure to exhaust administrative remedies is a ground to dismiss a cause of action for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Francis v. Mineta*, 505 F.3d 266, 272 (3d Cir. 2007).

Plaintiff admits that he has not exhausted his administrative remedies by filing a timely charge with the EEOC. Rubin Decl., Ex. A, ¶ 51. Accordingly, even if this Court were to convert Plaintiff's Section 1981 claim to a Title VII claim, such a claim cannot proceed for failure to exhaust administrative remedies.

# POINT IV

## PLAINTIFF'S PENDENT STATE LAW CLAIMS MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

In *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), *superseded by statute*, 28 U.S.C. § 1367(c)(3), the Supreme Court held that federal courts have the power to entertain pendent state claims if the federal and state claims "derive from a common nucleus of operative fact" such that the plaintiff "would ordinarily be expected to try them all in one judicial proceeding . . . ." *United Mine Workers*, 383 U.S. at 725. The Court went on to observe, however, that "[c]ertainly, if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." *Id*. at 726.

However, 28 U.S.C. § 1367(c)(3), which supersedes *United Mine Workers*, provides in pertinent part:

> The district courts <u>may</u> decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . .

*Id.* (emphasis added).

The courts have interpreted this to mean that the district court <u>must</u> decline to hear pendent state law claims if the federal claim is dismissed before trial, "'unless considerations of judicial economy, convenience and fairness to the parties provide an affirmative justification for doing so.'" *Bright v. Westmoreland*

*County*, 443 F.3d 276, 286 (3d Cir. 2006) (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).  *See also Silverstein v. Percudani*, 422 F.Supp.2d 468, 474 (M.D. Pa.) (where only remaining claims are state law claims and parties are not diverse, district court has no jurisdiction), *aff'd*, 207 F.App'x 238 (3d Cir. 2006).

Count One of the Complaint, the Section 1981 claim, is the only federal claim in this action.  Rubin Decl., Ex. A, ¶¶ 42-52.  Count Two of the Complaint alleges violations of the NJLAD.  Rubin Decl., Ex. A, ¶¶ 53-54.  Count Three alleges violations of CEPA.  Rubin Decl., Ex. A, ¶¶ 55-58.

The federal claim and the state law claims "derive from a common nucleus of operative fact," that is, Plaintiff's employment by Anthony's LLC.  On dismissal of the Section 1981 claim, this Court will no longer have subject matter jurisdiction over the remaining state law claims.  Given the early stage of this case and thus lack of any justification to keep the state law claims in federal court, once the Court dismisses Plaintiff's Section 1981 claim, it also must dismiss the pendent state law claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that this Court dismiss Count One of the Complaint with prejudice for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and dismiss Counts Two and Three of the Complaint without prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Dated: February 15, 2018

        Respectfully submitted,

        RUBIN EMPLOYMENT LAW
        By:   s/ Alix R. Rubin
                Alix R. Rubin
                *Attorneys for Defendants*
                *Anthony's LLC, Howard "Zvi"*
                *Guitmann, Marc Guitmann and*
                *Robert Geller*